Lathrop DOUGLASS, Plaintiff,

v.

PARK CITY ASSOCIATES
and
Walter E. Heller & Co., Defendants.

Civ. A. No. 71-1573.

United States District Court,
E. D. Pennsylvania.

Sept. 3, 1971.

Richard Friedman, Stassen & Kostos, Philadelphia, Pa., for plaintiff.

Leonard Dubin, Philadelphia, Pa., for Park City Associates.

Raymond L. Shapiro, Wexler, Weisman, Maurer & Forman, Philadelphia, Pa., for Walter E. Heller & Co.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

Plaintiff filed action in Pennsylvania State Courts. One of the defendants, a non-resident of Pennsylvania, filed a petition to remove to Federal Court pursuant to 28 U.S.C.A. 1441(c) (1950). Plaintiff has moved to remand to State Court pursuant to 28 U.S.C.A. 1447(c) (1950) for lack of jurisdiction. The Motion to Remand will be granted.

LATHROP DOUGLAS (hereinafter Douglass), a citizen of New York, filed the present action in assumpsit in the Common Pleas Court of Lancaster County against PARK CITY ASSOCIATES (hereinafter Park City), an association formed under the laws of Pennsylvania, and WALTER E. HELLER & CO. (hereinafter Heller), a Delaware Corporation with its principal place of business in Chicago. The complaint alleges, in a single count, a breach of a *written* contract between Douglass and Park City. The complaint also in the same single count alleges that Douglass is a third party beneficiary to a contract between Park City and Heller, whereby it is alleged that Heller became obligated to pay Douglass for service that Douglass performed for Park City.

Douglass and Park City entered into a written contract, the terms and existence of which are admitted by all of the parties. Under the contract Douglass was to perform architectural services with respect to the planning and construction of a shopping center in Lancaster County. Douglass avers that the services have been performed and that Park City has failed to pay for the services. It appears in the complaint that advance payments in the years 1969 and 1970 were made to Douglass by check from Heller. This, Douglass claims, gives rise to the inference that Douglass is the third party beneficiary of some contract between Park City and Heller. Heller does not deny that they made payments to Douglass. However, Heller claims that there is no contract between Heller and Park City to which Douglass is a third party beneficiary.

The merits of this controversy aside, it is admitted that Park City is a Pennsylvania citizen and that there is requisite diversity as per title 28, U.S.C.A. § 1332 (1966), between Douglass and Heller. The sole issue presented is whether the complaint states a separate and independent claim or cause of action against Heller, which would be removable if sued upon alone under title 28, U.S.C.A. 1441(c).

Cases are legion for the proposition that title 28, U.S.C.A. 1441(c) should be given a strict construction and that doubt should be resolved in favor of non-removal. (See cases cited at Notes 2 and 5, title 28 U.S.C.A. 1441, 1971 pocket part pp. 6, 7 & 8.) Also, the cases cited by both parties indicate that the terms separate and independent should be given a broad construction in order to carry out the purpose of Congress to limit removal.

The terms "separate" and "independent" have been defined by a number of authorities as has the meaning of the term "cause of action". Without question, the leading case on the construction and intent of Section 1441(c) is American Fire and Casualty v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case the Supreme Court noted at page 12, 71 S.Ct. at page 539: "Of course 'separate cause of action' restricts removal more than 'separable controversy'. In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies." (Footnotes omitted.)

In discussing the meaning of "cause of action", the Court said:

"In a suit turning on the meaning of 'cause of action,' this Court announced an accepted description. Baltimore S. S. Co. v. Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069].[10] This Court said, [274 U.S. at page] 321 [47 S.Ct. at page 602]:

'Upon principle, it is perfectly plain that the respondent suffered but one

actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.'

"See Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 443 [64 S.Ct. 208, 215, 88 L.Ed. 149].[11] Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), [28 U.S.C.A. § 1441(c)] we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

In this case, Douglass claims a single wrong, i. e., the breach of his contract with Park City. He claims a recovery for that breach. However, he prays for relief in the alternative against Park City and/or Heller. Heller contends that since Douglass claims to be a third party beneficiary to a contract between Park City and Heller, Douglass has stated a separate and independent claim against them, and that claim is removable under § 1441(c).

In support of its position, Heller cites Climax Chemical Company v. C. F. Braun & Co., 370 F.2d 616 (10th Cir. 1966), cert. denied, 386 U.S. 981, 87 S. Ct. 1287, 18 L.Ed.2d 231 (1967) and Crosby v. Paul Hardeman, Inc., 414 F.2d 1 (8th Cir. 1969). The Climax case involved a suit for damages alleging negligent design and manufacture of various components of salt cake and muriatic acid plant. Each component was under

separate contract to one of the named defendants and the Court properly held that the alleged breach of each contract was a separate and independent cause of action. In Crosby the Court of Appeals for the Eighth Circuit found a separate and independent cause of action as against diverse citizens. Crosby rented a dragline to Paul Hardeman, Inc., for a stated sum per week. Paul Hardeman, Inc., was to construct power transmission lines pursuant to a contract with Arkansas Power and Light Company (APL). Aetna Casualty Insurance Company was surety for Paul Hardeman, Inc. APL terminated its contract with Paul Hardeman, Inc., and hired Jelco to complete the job. Jelco allegedly used the dragline provided by Crosby. The Court stated:

"Recovery against the remaining defendant APL and its asserted agent Jelco was based upon a theory of the adoption of an existing contract, or upon a theory of an implied in fact contract for the use of the equipment for the period December 15, 1964 until the equipment was picked up July 22, 1965, or upon a theory of contract by estoppel. The cause of action against APL and Jelco not only rested upon a different legal theory, which would not necessarily be controlling, but related to a different type of claim for a different period of time from that alleged against Hardeman and Aetna. It does not appear proper that plaintiff should be allowed to defeat diversity jurisdiction as to Hardeman and Aetna by joining the local defendant APL as an alleged user of the dragline for a period after Hardeman had ceased active operations on the job. The written rental basis asserted against Hardeman and Aetna was $590 per week. Claims were made at least monthly for this amount against Hardeman before any conversation was had at all with APL, and no contact at any time was made with Jelco.

"Therefore, we think the cause of action alleged against APL on grounds of an adoption of a contract,

contract implied in fact or contract by estoppel is different not only in theory, but in point of time, from the cause of action asserted against Hardeman and Aetna and is predicated upon separate injuries from the injuries previously suffered from Hardeman's failure to pay for the use of the equipment and for the additional labor and equipment unassociated with the dragline."

Heller cites the case of Knight v. First Pyramid Life Insurance Co. of America, 256 F.Supp. 32 (W.D.Okla.1966), for the proposition that overlapping and common problems do not destroy the right to remove. While this may be true, the Court in *Knight* found:

"However, a careful reading of the Complaint herein reveals there are two separate wrongs and causes of actions, arising out of separate occurrences and incidents, involving different questions of fact and law, and there are no interlocking transactions to which American Fire & Casualty Co. v. Finn, supra, would be applicable. The plaintiff alleges more than one injury from sources independent and unrelated to each other—namely, for alleged breach of a contractual relationship by First Pyramid and a tortious invasion of the right of privacy by Crouch."

These cases are clearly distinguishable from the fact situation before me. In the instant case plaintiff has only one claim arising out of a breach of contract and while his theory as to the liability of the two defendants to him is different, there is no question but that there can be only one recovery for the alleged breach of contract and only one sum of money is claimed against both defendants jointly. Assuming arguendo that plaintiff is a third party beneficiary of a contract between Heller and Park City, wherein Heller obligated itself to pay Park City's debt to Douglass, Douglass' rights, if any, under such theory would be inexorably tied to the performance of his contract with Park City.

The briefs for both parties point out that there is a split of authority among the courts in cases involving a breach of contract and a tortious inducement to breach said contract [See Gustaveson Inc. v. Graybar Elec. Co., 222 F.Supp. 473 (W.D.Mo.1963) contra, Griebel Implement Co. v. J. I. Case Credit Corp., 285 F.Supp. 621 (D.C.Minn.1968); Twentieth Century Fox Film Corp. v. Taylor, 239 F.Supp. 913 (S.D.N.Y. 1965)]. Here the action is solely one of contract, not one of contract and one of tort. There is only one wrong and there can be only one recovery. Under the pleadings in this case, I find in accordance with the rationale of *Finn* that there is a single wrong arising from an interlocked series of transactions.

Heller cites the Restatement of Contracts with respect to the enforceability of rights of a third party creditor beneficiary. While it is true that such a beneficiary may have independent enforceable rights against a promissee, in this case that right, if any, is dependent on the contract between Douglass and Park City. As stated in Hyde v. Carder, 310 F.Supp. 1340 (W.D.Ky.1970), page 1342:

"[2–4] A separable controversy is one which is a part of the entire controversy, yet by its nature can be severed from the whole; it is, at the outset, an integral part of the whole, but capable of being segregated from it. See Brown v. Hecht Co., D.C., 78 F. Supp. 540, 544 (1947). The words 'controversy * * * wholly between citizens of different states' (understood to mean separable controversy) were replaced by 'separate and independent claim' in the current statute. A separate and independent claim would appear to be one which is not originally a part of the whole. The distinction between separate and separable is indeed nebulous, but the intent of Congress is clear. The purpose of 28 U.S.C.A. 1441(c) is to restrict the right to remove, and to make the question of removability readily determinable. American Fire

& Cas. Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L.Ed. 702 (1951). 'Separate' is defined as 'distinct; apart from; not united or associated' while 'independent' is said to mean 'not resting on something else for support * * * not contingent or conditioned'. See Snow v. Powell, 189 F.2d 172 (10 Cir., 1951)."

Of some significance although not controlling as to Heller is the wording of the complaint containing a total of eight numbered paragraphs, in a single count, seeking a single sum of money jointly against both defendants. Plaintiff's theory of recovery is clearly not of separate and independent claims.

▆ The case law on the subject is not entirely conclusive. In view of the possibility that there could be a later determination that this Court lacks jurisdiction, and even after trial and judgment a remand might be ordered, caution recommends that in an uncertain or close case early remand to the State Court, where jurisdiction unquestionably lies, would be the preferred procedure. Remand will, therefore, be directed.