Martin H. **BALZEIT**, Plaintiff,

v.

**SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY**, Defendant.

No. C–82–3320 SW.

United States District Court,
N.D. California.

March 15, 1983.

Paula S. Hyman, San Francisco, Cal., Hildebrand, McLeod & Nelson, Inc., Oakland, Cal., for plaintiff.

Ignazio J. Ruvolo, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant Southern Pacific Transp. Co.

MEMORANDUM OF DECISION

SPENCER WILLIAMS, District Judge.

This is a civil action, originally filed in California state court, brought by plaintiff Martin Balzeit, a "carman" formerly employed by defendant Southern Pacific Transportation Company ("Southern Pacific"). In his Amended Complaint, Balzeit alleges as a First Cause of Action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* that he suffered personal injury due to the negligent conduct of Southern Pacific. As a Second Cause of Action, Balzeit alleges that he suffered severe emotional distress as a result of Southern Pacific's insistence that, as a condition precedent to his reinstatement after his accident, he discharged the attor-

neys representing him in his aforementioned FELA claim. As a Third Cause of Action, he alleges that Southern Pacific, by setting up such a condition to his reinstatement, violated "fundamental public policy" of the State of California. Balzeit seeks compensatory and punitive damages.

On July 1, 1982, Southern Pacific filed its Petition for Removal, asserting that this federal court has jurisdiction over Balzeit's Second and Third Causes of Action under the provisions of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and hence, over the entire action. On November 12, 1982, Balzeit filed a motion to remand the action back to state court. It is to that motion which we now turn.[1]

THE MOTION TO REMAND

It is well-settled that a suit can be removed to federal court only if it could have been properly brought there originally. 28 U.S.C. § 1441(a);[2] *Guinasso v. Pacific First Federal Savings & Loan Association,* 656 F.2d 1364, 1365 (9th Cir.1981); *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir.1977).

Section 1441(c), the specific provision applicable to the question of removal jurisdiction in this action, provides as follows:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In our pending case, Balzeit's First Cause of Action for personal injury is clearly not removable, since Section 1445(a) expressly provides that civil actions against railroads under the FELA may not be removed to federal court.[3] Therefore, in order for this court to exercise its discretion and assert removal jurisdiction over the action, the court must determine that either of Balzeit's Second or Third Causes of Action present a federal question properly within this court's original, and therefore removal, jurisdiction.[4]

Balzeit relies heavily on the above-cited *Guinasso* case, wherein the Ninth Circuit stated that the defense of federal preemption, "taken alone, ... is not a basis for removal." 656 F.2d at 1366; *see also Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 660 (9th Cir. 1972). Based on this language, Balzeit argues that since Southern Pacific maintains that his Second and Third Causes of Action fall exclusively within this court's jurisdiction under the RLA and are therefore preempted, this court does not have removal jurisdiction.

However, the Ninth Circuit in *Guinasso* further clarified this general rule regarding

1. Also before the court is Southern Pacific's motion to dismiss the Second and Third Causes of Action of Balzeit's Amended Complaint. However, because this court must determine the propriety of its own jurisdiction and because our decision herein renders such motion moot, we necessarily focus on the remand motion.

2. Section 1441(a) provides in pertinent part that "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant..., to the district court of the United States for the district and division embracing the place where such action is pending."

3. Section 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may *not* be removed to any district court of the United States." (emphasis added)

4. Since Section 1441(c) permits the removal of certain nonremovable claims in conjunction with the removal of other, separate and independent removable claims, an issue arises as to whether Balzeit's FELA claim would be removable under Section 1441(c), despite the statutory prohibition against removing FELA claims. There is scant authority on this issue and the results in such cases have been inconsistent. See *Gamble v. Central of Georgia Railway Co.,* 486 F.2d 781 (5th Cir.1973) (FELA action not removable under 1441(c)); *but cf. Hages v. Alquippa & Southern Railroad Co.,* 427 F.Supp. 889 (D.C.Pa.1977). However, since this court concludes, *infra,* that Balzeit's non-FELA claims are not removable, we need not resolve this question.

the propriety of removal based on the defense of preemption, stating that

> Removal may be appropriate when federal law not only displaces state law but also confers a federal remedy on the plaintiffs or compels them to rely, explicitly or implicitly, on federal propositions. But when the claim presents a prima-facie basis for relief entirely under state law, the preemption defense does not support federal jurisdiction.

*Guinasso,* 656 F.2d at 1367.

Or, as the problem has been posed by the commentators:

> Although it is true that plaintiff is master of his claim and may choose not to assert a federal right that is available and rely only on state law, occasionally the removal court will seek to determine whether the real nature of the claim is federal regardless of plaintiff's characterization. For instance, in many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not. If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleadings.

14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3722.

Thus, the issue in our pending case is whether Balzeit, in his Second and Third Causes of Action, claims rights and remedies conferred by state—as opposed to federal—law.

Southern Pacific relies on *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972) in support of its contention that Balzeit's Second and Third Causes of Action are governed by the RLA and are, therefore, removable. In *Andrews,* a plaintiff who had been injured in an auto accident filed a state court action for breach of contract, alleging that he had been wrongfully discharged from his employment by the railroad. The suit was removed to the district court, which dismissed the complaint for failure to exhaust administrative remedies under the RLA.

The Supreme Court affirmed the dismissal, holding in effect that because the source of plaintiff's right not to be discharged and the source of his employer's obligation to restore him to his regular employment following an injury was the collective bargaining agreement, plaintiff should have exhausted the administrative remedies provided by the agreement and guaranteed by the RLA.

■ More recently, the Supreme Court confronted a question similar to those at issue herein in a case involving federal preemption and the National Labor Relations Act ("NLRA").[5] In *Farmer v. United Brotherhood of Carpenters & Joiners,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), plaintiff Hill, an officer-member of the Carpenters Union, filed a tort action for damages in California state court. Hill alleged, *inter alia,* that because of a disagreement between him and Union officials over various matters of internal Union policy, the Union had intentionally engaged in outrageous conduct, thereby causing him severe emotional distress.

The Supreme Court vacated the decision of the California Court of Appeal (which had held that Hill had stated a federal claim), holding that the NLRA did not preempt the action for intentional infliction of emotional distress. The Supreme Court noted that in arriving at such decision, the Court had examined "the state interests in regulating the conduct in question and the

5. Where, as in our pending case, the question presented does not require statutory interpretations that are unique to the particular mechanics of the RLA, a court may refer to the NLRA and the body of law interpreting that Act for assistance in construing the RLA. *Brother-hood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 383, 89 S.Ct. 1109, 1118, 22 L.Ed.2d 344 (1969); *Trans International Airlines, Inc. v. International Brotherhood of Teamsters,* 650 F.2d 949 (9th Cir.1980).

potential for interference with the federal regulatory scheme." 430 U.S. at 297, 97 S.Ct. at 1062.

Specifically, the Court looked to several factors in striking this balance. First, the court, in order to avoid state regulation of federally-protected conduct, determined whether the NLRA—and the collective bargaining agreement entered into thereunder—protected against the type of conduct of which the plaintiff complained. In this regard, the Court found that there was no federal protection or protection under the collective bargaining agreement against the "outrageous" conduct alleged to have been committed by the Union officials.

Second, the Court analyzed the nature and extent of the state's interest in protecting its citizens from the kind of alleged abuse of which plaintiff Hill had complained. In so doing, the Court determined that the State of California had a substantial interest in protecting its citizens from the intentional infliction of emotional distress. In recognition that such cause of action might touch on an area of primary federal concern, the Court provided a caveat, noting that

> ... [I]t is essential that the state tort either be unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.

*Id.* at 305, 97 S.Ct. at 1066.

Thus, because the conduct complained of was merely a peripheral concern of the Act, and because such conduct touched on interests deeply rooted in local feeling and responsibility, and finally, because Congress had given no compelling directions to the contrary, the Supreme Court concluded that plaintiff Hill's claim for intentional infliction of emotional distress had not been preempted.

■ Similarly, in our pending case, neither the RLA nor the collective bargaining agreement involved herein protects against the alleged outrageous conduct involved in Balzeit's Second and Third Causes of Action. While Southern Pacific directs this court's attention to several provisions of the collective bargaining agreement governing the relationship between it and Balzeit's Union, *see Motive Power and Car Departments Agreement,* Rules 38 and 39, nothing in such Agreement deals directly with, or provides a remedy for, the harm which Balzeit suffered when Southern Pacific allegedly required that he dismiss his attorney as a condition to his reinstatement.

Moreover, as noted in *Farmer,* the State of California—through its judiciary—has indicated that the state has a substantial interest in protecting its citizens from outrageous conduct and/or the intentional infliction of emotional distress. *See Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 86 Cal.Rptr. 88, 468 P.2d 216 (1970); *State Rubbish Collectors Ass'n v. Siliznoff,* 38 Cal.2d 330, 240 P.2d 282 (1952). In addition, the California Supreme Court has held that where an employer dismisses an employee for exercising a right protected either by statute or otherwise recognized as a matter of fundamental public policy, such employee is entitled to bring a tort action for wrongful discharge. *See Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). Here, Balzeit's right to retain an attorney to prosecute his FELA action would appear to be "fundamental" under California law. *See generally* Cal. Const. Art. I, §§ 3, 7 and 16; Cal. Lab. Code § 132a. Requiring an employee to discharge his counsel as a condition to reinstatement would, therefore, appear to constitute a violation of "fundamental public policy" within the meaning of *Tameny.*

In regard to the potential for overlap into an area of primary federal concern, it should be noted that the state court, in reviewing the merits of Balzeit's Second and Third Causes of Action, would only peripherally concern itself with the merits of the underlying labor dispute. While the record shows that Balzeit is currently seeking reinstatement by pursuing a grievance through the National Railroad Adjustment Board, he seeks only damages in his Amended Complaint. Thus, there is virtu-

ally no chance that Balzeit's state court action would conflict with the administrative mechanism provided for under the RLA.

Despite the similarities between the pending action and *Farmer,* Southern Pacific relies on *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978) in support of its contention that Balzeit's Second and Third Causes of Action fall within the ambit of the RLA, and are hence, removable.

In *Magnuson,* plaintiff brought an action for intentional infliction of emotional distress in Montana state court. Specifically, he alleged that he was the victim of a conspiracy amongst Union officials to cover up their own negligence for an accident which plaintiff had been said to have caused. The Ninth Circuit held that Magnuson's claim fell within the exclusive province of the grievance mechanism established by the RLA, was preempted under federal law, and therefore removable. In so holding, the court first noted that the actionable conduct involved—an abuse of the investigatory process and the presentation of false and misleading evidence at the "discharge" hearing—caused Magnuson's claim to be a "minor dispute" under the RLA, primarily because all of his damages flowed from his alleged wrongful discharge. The court, pointing to a provision in the parties' collective bargaining agreement, also found that the alleged conduct of defendants was "arguably governed" by such agreement.

In contrast, Balzeit's Second and Third Causes of Action seek damages for infliction of emotional distress flowing, not from Southern Pacific's alleged "wrongful refusal to reinstate", but rather from its alleged attempt to prevent Balzeit from continuing to retain legal counsel in pursuit of his FELA claim. Moreover, the record shows that Balzeit was dismissed months earlier than the date upon which the outrageous conduct is alleged to have occurred. Further, as noted, there is nothing in the collective bargaining agreement governing the relationship between Balzeit's union and Southern Pacific that protects against the

conduct and emotional injury allegedly stemming therefrom which is involved in our pending action. For these reasons, the *Magnuson* case is distinguishable and the Supreme Court's decision in *Farmer* is clearly controlling.

Based on the foregoing analysis, this court concludes that Balzeit, in his Second and Third Causes of Action, claims rights and seeks remedies entirely under California state law. Further, as noted, his First Cause of Action—a personal injury claim under the FELA—is statutorily nonremovable.

Accordingly, since none of Balzeit's claims fall within the removal jurisdiction of this federal court, Balzeit's motion for remand is hereby granted.