George CHOATE, Plaintiff-Appellant,

v.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant-Appellee.

No. 82–1080.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1982.

Decided Aug. 24, 1983.

Edward J. Kionka, Carbondale, Ill., for plaintiff-appellant.

James C. Cook, Walker & Williams, Belleville, Ill., for defendant-appellee.

Before ESCHBACH, Circuit Judge, SWYGERT, Senior Circuit Judge, and CAMPBELL, Senior District Judge.*

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

WILLIAM J. CAMPBELL, Senior District Judge.

George Choate appeals from an order of the District Court dismissing his complaint. Choate's complaint had alleged that the defendant, the Louisville & Nashville Railroad Company (hereafter "L" & "N"), had intentionally and recklessly inflicted emotional distress upon him by terminating his employment and subsequently refusing to reinstate him in accordance with a determination of the Public Law Board. Upon the motion of L & N, the district court dismissed the complaint, concluding that plaintiff's claim was preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* Choate brings this appeal claiming that under the rationale of *Farmer v. United Brotherhood of Carpenters and Joiners Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), preemption is not appropriate in this case. For the reasons stated below, we affirm.

It is undisputed that the appellant was employed by L & N as a signal tester helper and that he was discharged for allegedly failing to protect his assignment and being absent without proper authority. Choate successfully appealed the dismissal to the Public Law Board. Upon the railroad's refusal to reinstate Choate, the union brought an action in the district court to enforce the Board's decision. The district court granted judgment for the union and the judgment was affirmed on appeal, *Brotherhood of Railroad Signalmen v. Louisville & Nashville Railroad Comp.,* 688 F.2d 535 (7th Cir. 1982).[1]

The second amended complaint in this cause contains two counts alleging intentional infliction of emotional distress and reckless infliction of emotional distress. The factual allegations relate to the subject matter of the first action, i.e., the dismissal of Choate by the L & N and its refusal to reinstate him:

> The stated reason for the dismissal of plaintiff was a pretext. The dismissal was part of a long history and a continuing course of conduct by managing agents and employees of defendant, including threats of dismissal, punishment, and improper attempts to discipline plaintiff for conduct which was entirely proper, because of plaintiff's refusal to engage in illegal or unethical conduct or to accede to improper and unlawful demands by said agents and employees.

> Defendant L & N, through its managing agents and employees, knew that this continuing course of conduct and its failure and refusal to comply with the award was and is without justification in law or fact and knew that it would naturally and probably cause plaintiff George Choate severe emotional distress. ¶¶ 8 and 9 Count I, Second Amended Complaint.[2]

The district judge construed these allegations to present a "a minor dispute" arising out of Choate's employment relationship with L & N. Based on that interpretation, he dismissed the complaint because the underlying claim was subject to the mandatory grievance and arbitration procedures provided by the Railway Labor Act, *citing Andrews v. Louisville & Nashville R.R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978). The appellant contends that the district court erred as a matter of law because his claim is functionally identical to that of the plaintiff in *Farmer v. United Brotherhood of Carpenters and Joiners,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). In that case, the Court held that a claim for intentional infliction of emotional distress, even though arising out of a labor context, was not preempted by the National Labor Relations Act. While we find the analytical principles stated in *Farmer* to be applicable to this case, we conclude that preemption is appropriate.

■ In *Andrews, supra,* the Court held that an action for wrongful discharge by an

---

1. The appeal in *Brotherhood of Railroad Signalmen* was pending at the time this appeal was filed and argued.

2. Count II contained identical factual allegations.

employee against a railroad was subject to the exclusive grievance and arbitration procedures of the Railway Labor Act. Resort to state remedies was impermissible since the right to claim wrongful discharge was created by the collective bargaining agreement which, in turn, was governed by federal law. The Court also noted the strong policy of the Railway Labor Act, which was designed to provide a fair and expeditious means for resolving all labor disputes arising between a carrier and its employees, *see* 45 U.S.C. § 152.

In *Farmer, supra,* the plaintiff had brought an action in state court against his union claiming intentional infliction of emotional distress and unlawful discrimination in job referrals. The case went to trial solely on the emotional distress claim and the plaintiff prevailed. However, the California Court of Appeal reversed, concluding that the entire dispute was subject to the exclusive jurisdiction of the National Labor Relations Board. The United States Supreme Court vacated that decision, ruling that preemption was not appropriate in that particular situation. Utilizing a flexible analysis, the Court considered the nature of the interest being asserted and the potential effect that concurrent judicial and administrative remedies would have on the administration of national labor policies. The Court concluded that the state had a substantial interest in protecting its citizens from outrageous conduct which intentionally inflicted emotional distress. In analyzing the potential for interference with the federal labor scheme, the Court noted that the state tort action could be resolved without requiring any determinations as to the underlying labor dispute, i.e., the existence of any unlawful discrimination. The fact that the N.L.R.B. had no authority to resolve or remedy an emotional distress claim was also deemed significant. Based on those considerations, the Court concluded that preemption was not mandated since a substantial state interest was asserted and its adjudication would not interfere with the federal labor scheme. However, the Court provided the following caveat:

[W]e reiterate that concurrent state-court jurisdiction cannot be permitted where there is a realistic threat of interference with the federal regulatory scheme. Union discrimination in employment opportunities cannot itself form the underlying "outrageous" conduct on which the state-court tort action is based; to hold otherwise would undermine the pre-emption principle. Nor can threats of such discrimination suffice to sustain state-court jurisdiction. It may well be that the threat, or actuality, of employment discrimination will cause a union member considerable emotional distress and anxiety. But something more is required before concurrent state-court jurisdiction can be permitted. Simply stated, it is essential that the state tort be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself. [Footnote deleted.] 430 U.S. at 305, 97 S.Ct. at 1066.

While in this discussion the Court was addressing the concurrent jurisdiction of state court, the same principles apply to the federal district courts since they have no jurisdiction to address claims cognizable by the National Railroad Adjustment Board (N.R.A.B.); *Missouri, K.T.R. Co. v. Brotherhood of Ry. & S.S. Clerks,* 188 F.2d 302 (7th Cir.1951); *Morrissette v. Chicago, B. & Q.R. Co.,* 299 F.2d 502 (7th Cir.1961), cert. den. 369 U.S. 874, 82 S.Ct. 1141, 8 L.Ed.2d 277 (1962).

■ Under the reasoning stated above, Choate's allegations do not allege a state tort sufficiently separate from the labor dispute to permit concurrent jurisdiction. He claims that his emotional distress resulted from the defendant's continuing course of conduct involving threats of dismissal, punishment, and improper attempts to discipline him. Thus, the alleged cause of action arises directly out of the labor dispute. The characterization of the defendant's conduct as improper necessarily implies the existence of contractual standards in the collective bargaining agreement, *see*

*Andrews, supra,* 406 U.S. at 324, 92 S.Ct. at 1565. Since the N.R.A.B. has exclusive jurisdiction over disputes involving contractual interpretation of collective bargaining agreements between carriers and their employees, it follows that only the board can determine the propriety of L & N's conduct.

Choate has not claimed that his emotional distress occurred as the result of the abusive manner in which his employer performed the actions alleged. However, even if we liberally construe his complaint to include such a claim, we do not find that concurrent jurisdiction would be appropriate in this case. Illinois law regarding the intentional infliction of emotional distress was recently discussed in *Geist v. Martin,* 675 F.2d 859 (7th Cir.1982).[3] The general description of the tort under Illinois law is quite similar to that of California law at the time of *Farmer, compare Knierim v. Izzo,* 22 Ill.2d 73, 174 N.E.2d 157 (1961) *with Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 86 Cal.Rptr. 88, 468 P.2d 216 (1970). However, in *Geist, supra,* the court concluded that one of the necessary considerations in determining whether the defendant's conduct is sufficiently outrageous to be tortious is whether the defendant's conduct involved the exercise of a legal right, *see Public Finance Corp. v. Davis,* 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976); *Sherman v. Field Clinic,* 74 Ill.App.3d 21, 29 Ill.Dec. 597, 392 N.E.2d 154 (1979). The court stated:

> In [*Public Finance*] any inappropriateness of the defendants' conduct was tempered by the fact that the defendant had a right to pursue the nonpaying creditor-plaintiff. In the present case the defendants may have had a right to terminate plaintiffs' husband, but they had no right to take a punitive action against the plaintiff solely because she exercised her rights under her contracts with the defendants' company.... Because the defendants had no right to punish plaintiff, the alleged fact that they did so by firing plaintiff's husband makes their conduct extreme or excessive. 675 F.2d at 862.

Thus, the issue of the legality of L & N's conduct could not be avoided if Choate's case went to trial because that determination would necessarily bear on the factfinder's analysis. While in *Farmer,* the court determined that jury instructions could effectively isolate the employment discrimination issue, *see* 430 U.S. at 305–307, 97 S.Ct. at 1066, we do not find that this could be achieved under Illinois law.

Therefore, we conclude that there is a realistic threat of interference with the federal regulatory scheme if Choate's cause is permitted to proceed. The adjudication of his claim would necessarily involve interpretation of the collective bargaining agreement and would thus infringe on the exclusive jurisdiction of the N.R.A.B.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

3. The parties agree that Illinois substantive law     is applicable in this action.