Charles R. EIERMAN and
Katherine Eierman

v.

CONSOLIDATED RAIL
CORPORATION and
F.P. Pritchett.

Civ. A. No. 83–4998.

United States District Court,
E.D. Pennsylvania.

Jan. 4, 1984.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiffs instituted this action in the Philadelphia Court of Common Pleas alleging that Conrail and its employees engaged in a deliberate course of harassing conduct with a goal of causing plaintiff Charles Eierman to be discharged. Compensation for injuries is sought pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, and the Pennsylvania common law of intentional infliction of emotional distress. Despite the bar to removal of FELA cases presented by 28 U.S.C. § 1445(a), defendant removed the case to this Court. The basis for the removal petition was that the Complaint presented a claim that was cognizable, if at all, under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and that such cases are removable pursuant to 28 U.S.C. § 1441(b). The case is now before the Court on plaintiffs' motion to remand. For reasons discussed below the motion is granted.

The crux of the problem is whether the facts alleged constitute a "minor dispute" subject to the provisions of the Railway Labor Act. This Act establishes a comprehensive federal scheme for the resolution of employee-employer disputes in the railroad industry. While the question must be resolved on the basis of the allegations contained in the Complaint, if the facts alleged constitute a "minor dispute" then the claim is one arising under the Railway Labor Act regardless of plaintiff's characterization. *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420, 439 (1983); *Balzeit v. Southern Pacific Transportation Company,* 569 F.Supp. 986, 988 (N.D. Cal.1983). A complaint is a minor dispute if its resolution depends upon interpretation of the collective bargaining agreement.

*Choate v. Louisville & Nashville Railroad,* 715 F.2d 369, 371 (7th Cir.1983).

Several courts have addressed this problem in similar contexts. It most often arises when an employee seeks to avoid the procedures of the Railway Labor Act by characterizing his complaint as one arising under state common law. In such cases courts have required that the state tort be merely a peripheral concern of the Act or be a function of the particularly abusive manner in which the conduct is accomplished or threatened rather than a function of the actual or threatened conduct itself. *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978); *Balzeit,* 569 F.Supp. at 989, quoting *Farmer v. United Brotherhood of Carpenters,* 430 U.S. 290, 305, 97 S.Ct. 1056, 1066, 51 L.Ed.2d 338 (1977). Thus, for example, in a case of wrongful discharge, to avoid the strictures of the Railway Labor Act a plaintiff would at a minimum have to allege that the outrageous manner in which he was discharged, as opposed to the discharge itself, as the gravaman of his complaint.

 The complaint in the present case alleges that a Conrail employee deliberately attempted to cause Mr. Eierman to be fired, subjected him to baseless disciplinary proceedings, and harrassed his family. Conrail is charged with permitting its employees to engage in this conduct. Mr. Eierman seeks compensatory and punitive damages and his wife seeks damages for loss of consortium. Here, contrary to defendants' assertions, the complaint appears to state a claim that could be resolved, at least in large part, without reference to the collective bargaining agreement. Certainly this is the case with respect to the allegation that the defendants harassed plaintiffs' family and attempted to cause him to be fired. As in *Farmer,* the potential for interference with the federally mandated scheme for resolving railroad labor disputes is minimal.

In addition, as in *Balzeit,* no provision of the Railway Labor Act or collective bargaining agreement has been cited as protecting against the alleged outrageous conduct involved in this case or providing the damage remedy sought by the Eiermans.

When removal jurisdiction is uncertain, a court should remand. *Douglass v. Park City Associates,* 331 F.Supp. 823, 827 (E.D.Pa.1971). The rule rests upon the unfairness of exposing plaintiff to the possibility that if he obtains a favorable federal judgment it may later be determined that the court lacked jurisdiction. While events may ultimately prove that plaintiff's claim is cognizable only under the Railway Labor Act, if at all, this is not the case on the present record. I will therefore remand the case.

Plaintiffs seek recovery of counsel fees incurred in the preparation of the remand petition. Because no bad faith on the part of the defendants has been shown, I deny that motion. *Selected Risks Insurance v. Kobelinski,* 421 F.Supp. 431 (E.D.Pa.1976).