William E. SCALES

v.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.

Civ. A. No. 84-0540.

United States District Court,
E.D. Pennsylvania.

April 23, 1984.

John J. McCarty, Philadelphia, Pa., for plaintiff.

Kenneth D. Kleinman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

This action was commenced on January 9, 1984 by the filing of a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, by plaintiff William

E. Scales against his employer, defendant National Railroad Passenger Corporation ("Amtrak") and his former supervisor, defendant S.W. Haerter ("Haerter"). Defendants removed the action to this Court by a Petition for Removal filed on February 1, 1984. Plaintiff then moved to remand which is the action presently before the Court.

In his Complaint, plaintiff purports to state a claim under the Federal Employees Liability Act, 45 U.S.C. § 51 *et . seq.* ("FELA") against Amtrak (Count I) and under Pennsylvania common law against Haerter (Count II). In addition, plaintiff seeks punitive damages against both defendants (Count III). These claims are based upon defendants' alleged intentional and negligent infliction of emotional distress arising out of disciplinary proceedings brought against plaintiff. As a result of defendants' actions, plaintiff claims he suffered emotional distress causing injury to his nerves, migraine headaches, as well as medical costs, lost earnings and time away from work. Complaint, ¶¶ 12–16, 20–24.

Defendants removed the action pursuant to 28 U.S.C. §§ 1337(a)[1] and 1441(a)[2], on the grounds that this Court had original jurisdiction over claims arising under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"). Plaintiff now seeks remand of the action, relying upon 28 U.S.C. § 1445(a)[3] which prohibits the removal of an FELA action to federal court. For the reasons which follow, plaintiff's motion to remand will be denied.

DISCUSSION

■ Defendants properly removed the instant action to this Court. Plaintiff's claims of harassment in connection with disciplinary proceedings relating to his terms and conditions of employment are subject solely to the procedures mandated by the Railway Labor Act. Because the RLA is an act of Congress regulating commerce, this Court has original jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1337(a). *Felter v. Southern Pacific Co.,* 359 U.S. 326, 329, n. 4, 79 S.Ct. 847, 851 n. 4, 3 L.Ed.2d 854 (1959); *Goclowski v. Penn Central Transportation Co.,* 571 F.2d 747, 752 n. 2 (3d Cir.1977). Accordingly, this Court has removal jurisdiction under 28 U.S.C. § 1441(a), as well.

A. Well Pleaded Complaint Rule

Plaintiff's Memorandum of Law in Support of the Motion to Remand, asserts that the "well-pleaded complaint rule" requires this Court to limit its review to the allegations contained in plaintiff's Complaint. In support of this position, plaintiff cites the decision of the Supreme Court of the United States in *Franchise Tax Bd. v. Const. Laborers Vac. Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Because the allegations of the Complaint purport to state a claim under FELA, plaintiff contends that remand is inappropriate, because such claims may not be involuntarily removed to Federal court pursuant to 28 U.S.C. § 1445(a).

■ In the decision cited above, however, the Supreme Court also recognized that "an independent corollary of the well-pleaded complaint rule [provides] that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 2853. Thus, a court may look beyond the bare language of the Complaint and permit removal where

---

1. Section 1337(a) provides in relevant part: "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce...."

2. Section 1441(a) provides in relevant part:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. Section 1445(a) provides in relevant part: "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may not be removed to any district court in the United States."

"some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 2848. *See also Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981) ("As one treatise puts it, courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.' 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, pp. 564–566 (1976).")

■ Although couched in FELA language, plaintiff's Complaint seeks relief for harassment in connection with allegedly "baseless" disciplinary charges and proceedings. Thus, the Complaint alludes to terms and conditions of employment subject to the RLA. This Court will not permit plaintiff's pleading to conceal the essential nature of his claim, which is at bottom a labor dispute rather than a tort action.

**B. Emotional Distress Claims**

Courts have found employee complaints of emotional distress stemming from disciplinary proceedings to be subject to the RLA. In *Choate v. Louisville & Nashville R.Co.,* 715 F.2d 369 (7th Cir.1983), the Seventh Circuit was confronted with an employee's state law claim for emotional distress arising from the railroad's continuing threats of dismissal, punishment, and improper attempts to discipline him. The Court found that the emotional distress claim arose directly out of the labor dispute, and as such, was subject to the exclusive jurisdiction of the National Railroad Adjustment Board ("NRAB"). *Id.* at 371–372. *See also Boggs v. Consolidated Rail Corp.,* 112 L.R.R.M. 2295 (E.D.Pa.1982); *Majors v. U.S. Air, Inc.,* 525 F.Supp. 853 (D.Md.1981); *Fraley v. Hayes,* 112 L.R.R.M. 2298 (S.D.Ill.1982). As the Ninth Circuit held in the leading case involving state law claims for emotional distress stemming from a wrongful discharge:

> The alleged evil motivation of the defendants would have caused him no legal injury if he had either not been discharged or if his discharge was not wrongful.... Every employee who believes he has a legitimate grievance will doubtless have some emotional anguish occasioned by his belief that he has been wronged.... If the pleading of emotional injury permitted aggrieved employees to avoid the impact of the R.L.A., the congressional purpose of providing a comprehensive federal scheme for the settlement of employer-employee disputes in the railroad industry, without resort to the courts, would be thwarted.

*Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978); *cited with approval in Beers v. Southern Pacific Transp. Co.,* 703 F.2d 425, 428 (9th Cir.1983).

At least two district courts have extended this logic to claims asserted under FELA finding that such actions are in reality "minor disputes" within the meaning of the statute and as such were within the sole province of the NRAB. *Segnit v. National Railroad Passenger Corporation,* slip op. No. 83–1113 (D.N.J. January 26, 1984); *Hernandez v. National Railroad Passenger Corporation,* slip op. No. 81–6314–FW (C.D.Cal. May 31, 1983).

Plaintiff directs the Court's attention to the opinion of Judge Newcomer in *Eierman v. Consolidated Rail Corporation,* 637 F.Supp. 225 (E.D.Pa.1984). In that case, Judge Newcomer determined that a complaint brought pursuant to FELA which alleged that Conrail had permitted an employee to deliberately attempt to cause the plaintiff to be fired, subjected him to baseless disciplinary proceedings and harassed his family, stated a cause of action under FELA. The Court further found that the claim could be resolved in large part without reference to the collective bargaining agreement.

■ Despite the similarity of issues in *Eierman* and the present case, the facts of the two cases are sufficiently dissimilar to account for the contrary results. In *Eierman*, Conrail's liability was derivative insofar as the alleged tortious conduct of plaintiff's co-worker was primarily responsible for plaintiff's harm. Here, plaintiff's complaint against Amtrak is the result of Amtrak's alleged affirmative wrongdoing. As such it clearly is encompassed by the collective bargaining agreement.