698 F.Supp. 793 (1988)
Mary M. PALSER, etc., Plaintiff and Respondent,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant and Petitioner.
No. 88-1819C(1).
United States District Court, E.D. Missouri, E.D.
November 3, 1988.
*794 Dennis Rathman, St. Louis, Mo., for plaintiff and respondent.
William Brasher, St. Louis, Mo., for defendant and petitioner.

MEMORANDUM
NANGLE, Chief Judge.
This matter is now before the Court on plaintiff's motion to remand this action to the Circuit Court of the City of St. Louis. Defendant removed this action to the federal district court pursuant to 28 U.S.C. § 1441(c) on the basis of diversity of citizenship.
Plaintiff Mary Palser, as executrix of her deceased husband's estate, commenced this action in state court against defendant Burlington Northern Railroad Company to recover damages for her husband's unlawful discharge and wrongful death. In March 1987, defendant discharged Mr. Palser from his managerial position as a roadmaster in West Quincy, Missouri. After his discharge, Mr. Palser exercised his seniority rights and took the only available position as a track laborer in Creston, Iowa. On June 24, 1988, while working as a track laborer, Mr. Palser allegedly suffered serious physical injuries which ultimately resulted in his death. Plaintiff's complaint consists of three counts.[1] Count I alleges employment discrimination on the basis of age in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.111. Counts II and III appear to be brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq.
Plaintiff argues that this case must be remanded because 28 U.S.C. § 1445(a) expressly prohibits removal of FELA actions and plaintiff's remaining discrimination claim involves a purely state statutory cause of action. Defendant asserts that this case was properly removed pursuant to 28 U.S.C. § 1441(c) because plaintiff's age discrimination claim is a "separate and independent" claim and diversity of citizenship exists between plaintiff and defendant.
Section 1441(c) permits removal of an entire case "[w]henever a separate and independent claim ... which would be removable is sued upon alone, is joined with one or more otherwise non-removable claims...." A "separate and independent" claim does not exist if there is "a single wrong to plaintiff ... arising from an interlocked series of transactions." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). Claims are not "separate and independent" merely because "the petition contains separate prayers for relief ... multiple theories of recovery, [or] separate counts." Alfalfa Cubes, Inc. v. Dutton, 618 F.Supp. 1425, 1427 (D.Kan.1985). The key inquiries are whether the plaintiff has suffered more than one loss and whether different facts and transactions underlie each claim. See Village Improvement *795 Ass'n of Doylestown v. Dow Chemical Co., 655 F.Supp. 311, 316 (E.D.Pa.1987); Johnson v. Allstate Ins. Co., 633 F.Supp. 43, 44 (S.D.Ala.1986).
Plaintiff's claims do not involve the same wrong and same facts and transactions. The employment discrimination claim is based upon defendant's alleged wrongful discharge of plaintiff in March 1987. In contrast, plaintiff's FELA claims are premised upon personal injuries which allegedly occurred as a result of defendant's negligence while plaintiff's decedent was working as a track laborer in Iowa during 1988. Because the discrimination claim involves a different wrong and a different set of facts than the FELA claims, it is a "separate and independent" claim.
The Court's conclusion that plaintiff's discrimination claim is "separate and independent" from plaintiff's FELA claims does not completely resolve this matter. The Court must now determine whether plaintiff's FELA claims are removable under section 1441(c) despite the statutory prohibition against the removal of FELA claims. See 28 U.S.C. § 1445(a). Several courts have concluded that the statutory provision prohibiting removal of FELA claims does not prevent removal of FELA claims which are joined with separate and independent removable claims. See Samczyk v. Chesapeake & Ohio Ry. Co., 643 F.Supp. 79, 80 (E.D.Mi.1986) (FELA joined with state discrimination claim); Hages v. Aliquippa & Southern R.R. Co., 427 F.Supp. 889, 892 (W.D.Pa.1977) (FELA joined with state claim); Emery v. Chicago B. & Q. R. Co., 119 F.Supp. 654, 657-58 (S.D.Iowa 1954) (FELA joined with state claims); Jacobson v. Chicago, M. St. P. & P. R. Co., 66 F.2d 688, 693-94 (8th Cir.1933) (FELA joined with state claim); see also Howard v. Transworld Drilling Co., 592 F.Supp. 1305, 1306 (W.D.La.1984) (permitting removal, pursuant to § 1441(c), of Jones Act claim that otherwise would be irremovable under § 1445(a)); but cf. Gamble v. Central of Georgia Ry. Co., 486 F.2d 781, 782 (5th Cir.1973) (refusing to permit removal when "separate" claim was that of third-party defendant indemnitor rather than plaintiff).[2] The courts reason that the plaintiff has the option to bring a cause of action solely under FELA, and thus make it incapable of removal, or to join it with another cause of action that is removable. If plaintiff exercises the latter option, defendant has the right to invoke the removal statutes. Therefore, the Court concludes that section 1445(a) does not prevent the removal of plaintiff's FELA claims, under section 1441(c), which are joined to plaintiff's separate and independent removable discrimination claim.
Finally, plaintiff claims that, notwithstanding defendant's compliance with the removal procedures, see 28 U.S.C. § 1446(a), (b), defendant waived its right to remove by filing a motion for a more definite statement and motion to strike, and a request for production of documents in state court. The record reflects that these motions were filed in the state court the same day that defendant filed its petition for removal. A defendant may waive the right to remove by taking "some substantial defensive action" in state court. C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721 at 223 (1985). However, a defendant does not waive its right to removal by taking action which is "preliminary and not conclusive in character" and which is not directed toward an adjudication of the merits. Adams v. Lederle Laboratories, 569 F.Supp. 234, 247 (W.D.Mo.1983). Defendant's actions in state court, which did not seek to dispose of the merits of plaintiff's claims, were not sufficient to constitute a waiver of the right to remove.
Accordingly, for the foregoing reasons, plaintiff's motion to remand this action is denied.
NOTES
[1] After defendant filed the removal petition, plaintiff attempted to file a first amended petition in the St. Louis Circuit Court. The first amended petition has no bearing on the present motion to remand because defendant's removal of plaintiff's action to this Court foreclosed further proceedings in state court, see 28 U.S.C. § 1446(e), and the removability of the case under section 1441(c) must be determined on the basis of the pleadings at the time of removal. See Debco Equipment Co., Inc. v. Haas, 535 F.Supp. 1379, 1381 (E.D.Mo.1982).
[2] Plaintiff's reliance upon Balzeit v. Southern Pacific Transp. Co., 569 F.Supp. 986 (N.D.Ca. 1983), is misplaced. In Balzeit, the court never reached the issue of whether section 1445(a) prevents removal of FELA claims under section 1441(c) because the court concluded that the plaintiff's non-FELA claims were not removable. Id. at 987 n. 4.