Enrico **ANDRICOLA**

v.

**NATIONAL RAILROAD PASSENGER CORP. (AMTRAK) and John Digregorio.**

**Civ. A. No. 90–5707.**

United States District Court,
E.D. Pennsylvania.

Sept. 12, 1990.

Mark D. Mungello, Clementon, N.J., for plaintiff.

Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

Plaintiff instituted this action in the Court of Common Pleas of Philadelphia County to recover damages from alleged defamation in the course of his employment with defendant, Amtrak. Plaintiff alleges he was injured as a result of the carelessness, recklessness and negligence of Amtrak. Complaint, at ¶ 10. Compensation for injuries is presumably sought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (FELA). Despite the bar to removal of FELA cases presented by 28 U.S.C. § 1445(a), Amtrak seeks to remove the case to this Court. For the reasons stated hereafter, it is ordered that the case be remanded to the Court of Common Pleas of Philadelphia County.

■ The question as to whether removal or remand is appropriate turns on whether or not plaintiff's complaint states a claim under FELA. If it does, then the case is not removable pursuant to 28 U.S.C. § 1445(a).

In *Eierman v. Consolidated Rail Corporation*, 637 F.Supp. 225 (E.D.Pa.1984), Judge Newcomer determined that a complaint brought pursuant to FELA which alleged that Conrail had permitted an employee to deliberately attempt to cause the plaintiff to be fired, subjected him to baseless disciplinary proceedings, and harassed his family, stated a cause of action under FELA. Similarly, plaintiff in the instant case alleges that Amtrak permitted an employee (the foreman) to verbally harass plaintiff by means of defamatory words in the presence of other employees.

Judge Kelly, in *Scales v. National Railroad Passenger Corp.*, 634 F.Supp. 1 (E.D. Pa.1984), distinguished *Eierman* from a situation where plaintiff alleged that the railroad and his former supervisor had intentionally and negligently inflicted emotional distress upon him arising out of disciplinary proceedings. Judge Kelly denied a motion to remand based on a finding that a complaint of emotional distress arising from disciplinary proceedings is subject to the Railway Labor Act, 45 U.S.C. § 151 et seq. (RLA). The RLA subjects disputes arising under collective bargaining agreements in the railroad industry to compulsory arbitration. *See Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807, 812 (7th Cir.1985), *cert. denied* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987). Judge Kelly stated that whereas *Eierman* involved the derivative liability of Conrail "insofar as the alleged tortious conduct of plaintiff's co-worker was primarily responsible for plaintiff's harm," *Scales* involved the liability of Amtrak based on "Amtrak's alleged affirmative wrongdoing." *Scales*, 634 F.Supp. at 4. The case before this court, involving alleged tortious conduct by plaintiff's foreman, is more akin to the "derivative liability" of *Eierman* than the "affirmative wrongdoing" of *Scales*.

■ The FELA "[i]s a statutory mechanism designed to give injured railroad employees a federal right to sue 'in commerce' railroad employers for what would otherwise be a common law action for negligently inflicted tortious damages." *Fox v. Consolidated Rail Corp.*, 739 F.2d 929, 931 (3d Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968 (1985). This purpose would be undercut were this Court to find that plaintiff's allegations are not cognizable under FELA. While it is not entirely clear from the pleadings, this case does appear to allege a complaint under FELA (indeed no other theories of liability have been advanced by the parties). Furthermore, when removal jurisdiction is uncertain, a court should remand. *Eierman*, 637 F.Supp. at 226 (citing *Douglass v. Park City Associates*, 331 F.Supp. 823, 827 (E.D. Pa.1971)).

For all of the foregoing reasons, this case will be remanded to the Court of Common Pleas of Philadelphia County pursuant to the attached Order.

## ORDER

AND NOW, this 12th day of September, 1990, upon consideration of the defendant's Notice of Removal, it is hereby ORDERED that this case is REMANDED to the Court of Common Pleas.

This case is not removable pursuant to 28 U.S.C. § 1445(a), which states that a civil action in any State court against a railroad, arising under sections 51 to 60 of Title 45, may not be removed to any district court of the United States.

The Clerk shall return the record to the Prothonotary of the Court of Common Pleas of Philadelphia County.