**Ray E. McDAVITT, Plaintiff,**

v.

**ILLINOIS CENTRAL GULF RAILROAD COMPANY, A.M. Dickerson, J.P. Lange, J.A. Paul, T.A. Murphy, F.A. Elkins, and A.L. Phipps, Defendants.**

**Civ. A. No. J86–0751(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 27, 1987.

Dale H. McDavitt, McComb, Miss., for plaintiff.

Harold A. Ross, Richard H. Kraushaar, Cleveland, Ohio, for Broth.

William H. Glover, Jr., Clifford K. Bailey, III, Wells, Wells, Marble & Hurst, Jackson, Miss., for Ill. Cent. Gulf R.R., Dickerson, Lange, Paul, Murphy, Elkins.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion to dismiss or, in the alternative, for summary judgment filed by the defendants, Illinois Central Gulf Railroad Company (ICG), A.M. Dickerson, J.P. Lange, J.A. Paul, T.A. Murphy, F.A. Elkins and A.L. Phipps. Plaintiff Ray E. McDavitt has filed timely response to the motion and the court has considered the memoranda of authorities, together with attachments, submitted by the parties.

In 1973, plaintiff became employed by Illinois Central Gulf Railroad Company (ICG) as a brakeman, and in 1974, he was promoted to the position of engineer. In the course of his employment, plaintiff received two warnings and was suspended on four separate occasions for various rule violations, ranging from traveling at an excessive rate of speed to tardiness for assignments. In August of 1983, McDavitt

was dismissed for violating certain ICG work rules but was reinstated in November of 1983. He was again dismissed for rule violations in August 1984. McDavitt appealed this dismissal to the Public Law Board as provided by the Railway Labor Act, 45 U.S.C. § 153 Second. A formal investigation was conducted by the Board, and on February 28, 1986, the Board rendered its decision finding there was substantial evidence to support ICG's determination that McDavitt had violated the ICG rules in question, and denying plaintiff's request for reinstatement. Specifically, the Board determined that, "weighing Mr. McDavitt's length of service and his past disciplinary record, we cannot find that the carrier's (ICG) decision to discharge McDavitt is either arbitrary, capricious or excessive. On the record before this Board we are compelled to deny this claim."

In the present lawsuit, McDavitt alleges three causes of action: breach of an implied covenant of good faith and fair dealing in his employment contract with defendants,[1] intentional interference with his employment contract, and intentional infliction of emotional distress. Plaintiff alleges that the defendants' disciplinary actions toward him, including the warnings, suspensions and ultimate dismissal, were selective, excessive, wrongful and malicious. It is upon these claims that plaintiff bases his right to recover from defendants. Defendants have moved to dismiss on the basis that this court lacks subject matter jurisdiction over plaintiff's claims.

The National Railway Adjustment Board (Adjustment Board) was established as a tribunal to settle disputes arising out of the relationship between a carrier and its employees. *See* 45 U.S.C. § 153 First; *see also Pennsylvania R.R. Co. v. Day*, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959). In addition to the Adjustment Board, the Railway Labor Act (R.L.A.) authorizes the establishment of special adjustment boards, also referred to as public law boards, which serve as private alternative forums to the Adjustment Board, and

which must conform to the same procedural restraints as are imposed on the Adjustment Board. *See* 45 U.S.C. § 153 *Second; Brotherhood of Ry., Airline & Steamship Clerks, Freight Handlers, Express and Station Employees v. St. Louis Southwestern Ry. Co.*, 676 F.2d 132 (5th Cir.), *reh'g denied*, 680 F.2d 1389 (1982). Under the R.L.A., "minor" disputes between railroad employees and carriers are committed to the exclusive jurisdiction of the Adjustment Board or public law boards. The grievance procedure established by the R.L.A. for the resolution of such minor disputes is said to be "mandatory, exclusive and comprehensive," *Brotherhood of Locomotive Firemen and Enginemen v. Florida East Coast Ry. Co.*, 346 F.2d 673 (5th Cir.1965), and preempts all state remedies. *See Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 323, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972). "Minor" disputes have been described as those disputes

> involving grievances, [which] affect the smaller differences which inevitably appear in the carrying out of major agreements and policies or [which] arise incidentally in the course of an employment. They represent specific maladjustments of a detailed or individual quality.

*Elgin, Joliet & Eastern Ry. Co. v. Burley*, 325 U.S. 711, 724, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945). They are disputes which grow out of grievances concerning, or the interpretation or application of collective bargaining agreements relating to pay rates, rules or working conditions. *Independent Federation of Flight Attendants v. Trans World Airlines, Inc.*, 655 F.2d 155 (8th Cir.1981). Such minor disputes must first be presented to the Adjustment Board or a public law board, and once the board has rendered its decision, a party aggrieved by the decision may seek review in a federal district court. *See* 45 U.S.C. § 153 First (p) and (q). However, the R.L.A. limits federal court review of a decision by the Adjustment Board and public

---

**1.** The employment contract referred to is the collective bargaining agreement between ICG, plaintiff's former employer, and the Brother- hood of Locomotive Engineers, plaintiff's former union.

law boards to three specifically defined circumstances: (1) failure of the Board to comply with the requirements of the Act; (2) failure of the Board's order to conform or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption by a member of the Board issuing the order. *Id.* In the absence of these circumstances, the finding and order of the Board are conclusive and binding on the parties. *Id.* The Fifth Circuit has described the scope of judicial review of an award by a public law board as follows:

> The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of the Adjustment Board. They may not substitute their judgments for those of the Board divisions. They need not inquire whether substantial evidence supports the Board's award. Under the Railway Labor Act, ... the range of judicial review in enforcement cases is among the narrowest known to the law. Board awards are "final and binding" upon the parties. In court the findings and orders of the Board are "conclusive."

*Diamond v. Terminal Ry. Alabama State Docks,* 421 F.2d 228, 233 (5th Cir.1970).

In the case at bar, plaintiff asserts that he is not seeking review of the Board's denial of his claim. He in fact clearly acknowledges that the Board's decision is final and conclusive on issues regarding reinstatement and work rule violations. Rather, he claims that his cause of action is one seeking monetary damages due to defendant's "excessive, harsh and unwarranted" disciplinary actions, up to and including his final dismissal, and that his lawsuit is thus not preempted by the R.L.A. The court, however, is of the opinion that the propriety of the conduct by defendants regarding disciplinary action toward plaintiff, the conduct of which he presently complains, is the precise issue that was presented to the Board and decided adversely to plaintiff. McDavitt's claims are clearly preempted by the provisions of the R.L.A., and within the exclusive province of the Public Law Board. His claims arise directly out of his employment in that he seeks money damages for disciplinary conduct by his employer which the Board in its order held was justified due to rule violations by plaintiff. Further, appropriate grievance procedures are established by the R.L.A. and by the parties' collective bargaining agreement. Consequently, an adjudication of plaintiff's claims in this court would necessarily involve interpretation or application of the collective bargaining agreement, including a determination of whether defendants conducted themselves properly regarding plaintiff's suspension and ultimate discharge. Thus, this is a minor dispute over which this court has no jurisdiction. *See Independent Federation of Flight Attendants,* 655 F.2d 155 (8th Cir.1981).

Numerous federal courts, confronted with claims similar to those alleged by McDavitt, have held that these are minor disputes within the meaning of that term under the R.L.A. and therefore governed by the mandatory grievance or arbitration procedures of the R.L.A., 28 U.S.C. § 153 First. *See, e.g., Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369–70 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978) (alleged tortious conduct governed by collective bargaining agreement had substantial relation to labor contract and was thus preempted by R.L.A.; district court lacked subject matter jurisdiction); *Woolridge v. National R.R. Passenger Corp.,* 800 F.2d 647, 649 (7th Cir.1986) (cause of action against employer for breach of employment contract and implied covenant of good faith and fair dealing held to be preempted); *Choate v. Louisville & Nashville R.R. Co.,* 715 F.2d 369, 370–71 (7th Cir.1983) (claim of emotional distress preempted by R.L.A.); *Gray v. Chessie Sys.,* 588 F.Supp. 1334, 1335 (D.Md.1984) (claim for intentional interference with contractual relations against individual railroad management employee dismissed for lack of subject matter jurisdiction).[2] In each of these cases the alleged

---

2. McDavitt attempts to distinguish the above cited cases on the basis that the plaintiffs in those cases had failed to exhaust their administrative remedies under the R.L.A. by first

wrongful conduct by the carrier arose directly out of the underlying labor dispute over which the Adjustment Board had exclusive jurisdiction. In the present case, as in those cases, plaintiff may not avoid the strictures of the R.L.A. by attempting to recast his employment grievances in terms of state law tort or contract claims. *See Magnuson*, 576 F.2d at 1369. Artful pleading cannot disguise the reality that plaintiff is seeking a decision over claims which are basically identical to those which were previously decided by the Public Law Board and over which the Board has exclusive jurisdiction. A decision by this court would impermissibly infringe upon the Board's jurisdiction. Plaintiff's claims are preempted by the R.L.A. and, consequently, this court lacks subject matter jurisdiction over this action.[3]

Accordingly, it is ordered that plaintiff's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is granted. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

presenting their claims to a public law board. This argument is without merit. The Supreme Court has noted that exhaustion of administrative remedies is, in this context, a misnomer since the administrative remedy provided by R.L.A. is often exclusive and does not allow post-exhaustion actions re-evaluating the merits in other forums:

> The term "exhaustion of administrative remedies" in its broader sense may be an entirely appropriate description of the obligation of both the employer and carrier under the Railway Labor Act to resort to dispute settlement procedures provided by that Act. It is clear, however, that in some situations the Act makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another. A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding.... He is limited to the judicial review of the Board's proceedings that the Act itself provides.... In such a case the proceedings afforded by 45 U.S.C. § 153 First (i), will be *the only* remedy available to the aggrieved party.

*Andrews*, 406 U.S. at 325, 92 S.Ct. at 1565 (citations omitted and emphasis supplied).

3. In addition to defendants' motion to dismiss for lack of subject matter jurisdiction, they have moved for summary judgment on statute of limitations grounds. As this court concludes that plaintiff's claims are clearly preempted by the R.L.A., it is unnecessary to consider the merits of the statute of limitations argument.