**John W. WOOLRIDGE, Jr.,
Plaintiff-Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, commonly known as Amtrak, Defendant-Appellee.**

No. 85–2143.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1986.

Decided April 8, 1986.

---

Before BAUER and POSNER, Circuit Judges, and MOODY, District Judge.*

### ORDER

Plaintiff John Woolridge brought suit against his former employer, National Railroad Passenger Corporation ("Amtrak"), alleging that defendant breached its employment contract and the implied covenant of good faith and fair dealing by refusing to reinstate plaintiff after he engaged in sexual misconduct while working on-board an Amtrak train. The district court granted defendant's motion for summary judg-

ment on the grounds that plaintiff's claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., (1982). We affirm.

### I.

Woolridge worked for Amtrak for nine years, first as a Service Attendant and later as a Train Manager. While working on-board an Amtrak train he engaged in sexual activity with a female passenger. As a result of this misconduct, Woolridge was placed on an administrative leave of absence without pay. At Amtrak's suggestion, he was admitted to a psychiatric hospital for treatment on December 19, 1983 where he remained until January 27, 1984. After Woolridge entered the hospital Amtrak decided not to retain him in a Train Manager's position and terminated his employment.

Woolridge argued that Amtrak breached its contract by failing to provide him with a fair hearing and without advising him of any specific charge as required by the bargaining agreement between Amtrak and the American Railway and Airline Supervisors Association.

The district court found that plaintiff's claims, premised on Amtrak's alleged failure to afford him certain rights due under the collective bargaining agreement, were within the exclusive jurisdiction of the National Railroad Adjustment Board. The court determined further that a claim for breach of the duty of fair representation was time-barred. This appeal followed.

### II.

The district court properly ruled that it lacked subject matter jurisdiction over plaintiff's claims. Plaintiff's common law claims for breach of contract and the implied covenant of good faith and fair dealing are grievances arising from his employment relationship with Amtrak. The National Railway Adjustment Board (NRAB) has exclusive jurisdiction over all

---

* The Honorable James T. Moody, District Judge of the United States District Court for the North-ern District of Indiana, is sitting by designation.

employee disputes involving interpretation or application of collective bargaining agreements. Thus, plaintiff's claim may be heard only by the NRAB.

In keeping with the intent of Congress to afford administrative rather than judicial resolution of employee grievances, no federal or state court has jurisdiction to entertain suits concerning the merits of a dispute such as plaintiff's grievance. Even if the claim is couched as a contract or tort claim, as plaintiff's are, it is preempted. *Andrews v. Louisville & Nashville Railroad,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). In *Andrews,* the plaintiff brought an action in state court for wrongful discharge. As in the present case, it was removed to the district court and dismissed on the basis of the plaintiff's failure to exhaust administrative remedies under the RLA. The Supreme Court held that the case was properly dismissed, stating that Andrews' election to treat his claim as a state wrongful discharge claim did not exempt it from the "compulsory character of the administrative remedy provided by the RLA for disputes such as [this one]."

We held in *Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1048 (7th Cir.1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984), that the RLA preempted a state claim for retaliatory discharge. Similarly, in *Choate v. Louisville & Nashville Railroad,* 715 F.2d 369, 372 (7th Cir.1983), we rejected a plaintiff's attempt to pursue a claim for intentional infliction of emotional distress arising out of the railroad's disciplinary procedures. Woolridge's claim, that Amtrak wrongfully terminated his employment and their refusal to reinstate him, is precisely the type of dispute Congress intended to entrust to the exclusive jurisdiction of the RLAB.

### III.

The union's refusal to process Woolridge's grievance does not excuse him from exhausting his administrative remedies. The district court held, and we agree, that a claim for breach of the duty of fair representation is time-barred. In addition, plaintiff's testimony confirms that he was familiar with the Adjustment Board grievance procedures which provide an exclusive remedy for any claims against the company, regardless of union inactivity. For the foregoing reasons the judgment of the district court is

AFFIRMED.