James W. CAWTHARD, Plaintiff,

v.

FLAGSHIP AIRLINES, INC. and
Penny Tyler, Defendants.

No. 93–2073–CIV–MOORE.

United States District Court,
S.D. Florida,
Miami Division.

July 18, 1994.

Robert L. Parks, Anderson, Moss, Parks & Sherouse, P.A., Miami, FL, for plaintiff.

Terence G. Connor and Cathy M. Stutin, Morgan, Lewis, & Bockius, Miami, FL, for defendants.

### ORDER ON MOTION FOR REMAND AND MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand (DE # 9) and Defendant Flagship's Motion to Dismiss (DE # 4). After consideration of the Motions, responses thereto, and the pertinent portions of the record, the Court enters the following Memorandum Order.

### MEMORANDUM

### I. BACKGROUND

This is an action brought by Plaintiff James W. Cawthard ("Cawthard"), a former pilot for Defendant Flagship Airlines ("Flagship"), seeking redress for Flagship's termination of him. Cawthard contends that Flagship relied upon groundless charges of sexual harassment leveled against him by two female Flagship employees. Cawthard asserts claims for breach of an oral employment contract, breach of an implied covenant of good faith and fair dealing, fraudulent mis-representation and breach of a collective bargaining agreement against Flagship. He also claims slander against Defendant Penny Tyler ("Tyler"), a Flagship employee.

The facts of the case are largely undisputed. Flagship hired Cawthard on July 1, 1989, as a co-pilot. Pursuant to an alleged oral agreement, Cawthard relocated to New York state to work for the airline at its Albany office. (Comp., at par. 6).

Approximately one and a half years later, Flagship promoted Cawthard to captain and transferred him to Raleigh, North Carolina. Six months later, the Defendant promoted Cawthard to Chief Pilot/Flight Base Manager, a managerial position, and transferred him back to the Albany office. On August 1, 1992, Flagship transferred Cawthard a final time to the airline's Miami, Florida office as its Chief Pilot/Flight Base Manager. (Comp., at par. 7).

The alleged oral contract between the Plaintiff and Flagship granted Cawthard the option of retaining his seniority number and returning to his duties as a pilot if he did not enjoy his move to the front office. Cawthard contends that he relied on this agreement as a condition of his employment with Flagship. (Comp., at par. 8).

Flagship terminated Cawthard on November 3, 1992 for allegedly sexually harassing two female co-workers at the airline's Miami office. Cawthard contends that Flagship did not identify his accusers but he has sought recovery from fellow employee Tyler for slander regarding the charges. (Comp., at par. 9).

Represented by counsel, Cawthard appealed his termination at an internal hearing at Flagship on December 10, 1992. Flagship affirmed its decision and refused to reinstate Cawthard. The Plaintiff contends that Flagship violated the oral agreement it made with him by refusing to reinstate him as a pilot at his request. (Comp., at par. 10–11).

The Plaintiff filed his Complaint in the Circuit Court for the Eleventh Judicial District on September 16, 1993. Plaintiff served his complaint on Flagship's registered agent on September 20, 1993. Flagship removed

the action to this Court on October 20, 1993, pursuant to 28 U.S.C. §§ 1441 and 1446.

## II. ANALYSIS

The Plaintiff seeks to remand this case to state court pursuant to 28 U.S.C. § 1447(c), on the grounds that this Court lacks subject matter jurisdiction over the Complaint. The Defendant Flagship contends that this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, based upon the Plaintiff's assertion of a federal question in the Complaint. Flagship argues that Count IV of the Complaint, alleging Flagship's breach of the collective bargaining agreement, invokes the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, ("RLA") and thus confers jurisdiction upon this Court.

The removal statute states that a case may be removed from a state court to a federal court if the action might have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). However, under 28 U.S.C. § 1447(c) "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs".

 The right to remand cannot be waived. *See In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).[1] This Court is required to determine the jurisdictional basis in a removed case on its own motion when not raised by one of the parties. *See Winters v. Government Sec. Corp. v. Nafi Employees Credit Union,* 449 F.Supp. 239, 242 (S.D.Fla.1978).

 Flagship argues that because the Plaintiff's claims cannot be determined without reference to the collective bargaining agreement, they are pre-empted under the RLA. In Count IV of his Complaint, the Plaintiff alleges that his rights as a Flagship employee are governed by a collective bargaining agreement, ("Agreement") entered

into by the parties in accordance with the requirements of the RLA, and that Flagship breached the Agreement by denying Cawthard investigatory and disciplinary procedural rights provided by the Agreement.

The RLA governs the interpretation of collective bargaining agreements in the transportation industry, thus the Court finds that Count IV raises a valid issue of federal law. *See Lorenz v. CSX Transp.,* 980 F.2d 263, 268 (4th Cir.1992) (state law claim which, in effect, challenged railroad's conduct applying the investigatory procedures under a collective bargaining agreement, was pre-empted by the RLA); *Woolridge v. National R.R. Passenger Corp.,* 800 F.2d 647, 648 (7th Cir. 1986) (plaintiff's claims that railroad failed to afford him right to fair hearing under collective bargaining agreement within exclusive jurisdiction of adjustment board); *Scales v. National R.R. Passenger Corp.,* 634 F.Supp. 1, 2 (E.D.Pa.1984) (claims involving terms and conditions of employment of railway worker are subject to procedures mandated by RLA, over which the court has original jurisdiction pursuant to 28 U.S.C. § 1337(a)).

Accordingly, this action was properly removed to federal court.

## A. MOTION TO DISMISS COUNT IV

Flagship seeks dismissal of counts I, II, III and IV of the Complaint. The Court must first address Count IV, alleging breach of the collective bargaining agreement, because the Court has determined that it is the only count upon which it has exclusive jurisdiction. This Court has supplemental jurisdiction over the remaining claims asserted under state law because they are part of the same case or controversy. 28 U.S.C. § 1367.

 Flagship seeks to dismiss Count IV for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). While this argument appears to be at odds with the airline's contention that Count IV raises an exclusively federal cause of action under the RLA[2], such a motion is proper because a

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the 11th Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. *See Generally* Def.Resp. to Pl.Mot. for Remand.

court has jurisdiction to determine its own jurisdiction. *See Childers v. Chesapeake & Potomac Tel. Co.,* 881 F.2d 1259, 1263 (4th Cir.1989).

■ Flagship argues that the RLA requires that the parties must arbitrate any dispute regarding a collective bargaining agreement and can not bring such an action in court. The RLA establishes a mandatory and comprehensive framework for the final and binding resolution of all grievances over the interpretation of existing collective bargaining agreements. Such disputes under the RLA are known as "minor disputes," as distinguished from "major disputes" arising from the formation of contracts. *See Consolidated Rail Corp. v. Railway Labor Executives Ass'n,* 491 U.S. 299, 301–04, 109 S.Ct. 2477, 2479–81, 105 L.Ed.2d 250 (1989).

The RLA, and the case law interpreting it, have broadly defined "minor disputes" as all disputes growing out of employee grievances or the interpretation or application of bargaining agreements. *See Union P.R. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978); *Gunther v. San Diego & A.E.R. Co.,* 382 U.S. 257, 261, 86 S.Ct. 368, 370, 15 L.Ed.2d 308 (1965); 45 U.S.C. §§ 151a(5), 152 First, and 153.

■ The RLA vests "System Boards of Adjustment" ("adjustment boards") with primary and exclusive jurisdiction over all "minor disputes." 45 U.S.C. § 184. The RLA provides that the decisions and findings of the adjustment boards "shall be final and binding." 45 U.S.C. § 153 First (m), (p), (q), § 184. Federal and state courts have no subject matter jurisdiction to adjudicate "minor disputes." *See Andrews v. Louisville & N.R. Co.,* 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972); *Elgin v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945).

■ The Court finds that the question of whether Flagship denied the Plaintiff procedural rights he may have been entitled to under the Agreement, constitutes a minor dispute because it involves the interpretation of a collective bargaining agreement. *See Woolridge v. National R.R. Passenger Corp.,* 800 F.2d 647, 648 (7th Cir.1986) (plaintiff's claim that railroad failed to afford him right to fair hearing under collective bargaining agreement was within exclusive jurisdiction of adjustment board); *See also Union P.R., supra.* Accordingly, the Court finds that it lacks subject matter jurisdiction over Count IV of the Complaint. Count IV is hereby dismissed.

## B. MOTION TO REMAND COUNTS I, II, III AND V

The remaining counts of the Complaint all allege violations of state law, including breach of an oral contract (Count I), breach of an implied covenant of fair dealing (Count II), fraudulent misrepresentation (Count III) and slander (Count V). When the Court dismisses a claim over which it had original jurisdiction and the remaining claims lack any independent jurisdictional basis, the Court may decline to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3).[3]

■ Flagship argues that even without Count IV, the Complaint's remaining claims still involve the interpretation of the Agreement, therefore the broad pre-emptive power of the RLA mandates that this Court retain jurisdiction. *See Morales v. Southern Pac. Transp. Co.,* 894 F.2d 743 (5th Cir.1990). In *Morales,* the plaintiffs sued their former employer for fraudulently inducing them to resign and for breaching their collective bargaining agreement. *Id.* at 744. The plaintiffs argued that because the state law claims were independent of the collective bargaining agreement, they did not constitute minor dis-

---

**3.** 28 U.S.C. § 1367(c) provides: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

 (1) the claim raises a novel or complex issue of State law,

 (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

 (3) the district court has dismissed all claims over which it has original jurisdiction, or

 (4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.

putes and thus were not pre-empted by the RLA. *Id.* at 745. The Fifth Circuit rejected the defendant's argument and held that the plaintiffs' claims were "inextricably intertwined with the terms and conditions of [their] employment" and therefore constituted minor disputes under the RLA. *Id.* at 746. The court found the state claims were intertwined because (1) the alleged misrepresentations related to the employees' rights under the collective bargaining agreement and (2) the court would have to determine the plaintiffs' rights under the agreement to fashion an appropriate remedy. *Id.* at 745–46.

In the action at bar, Flagship contends that the remaining state law claims in this action are similarly interwoven with the Agreement. For example, the Plaintiff argues that the oral employment contract he relies upon to support his remaining claims against Flagship grants him the right to return to his former position as a pilot. Flagship contends that such reinstatement, if granted, would require the Court to interpret the Agreement regarding his rights in his position as a pilot.

The Court disagrees. Unlike the facts in *Morales,* the Court does not find that Cawthard's state law claims are "intertwined" with the terms of the Agreement. The case that is now before this Court is essentially as follows: Cawthard alleges that he made a handshake deal with his employer whereby Cawthard would accept a managerial position and transfers to airline offices in different cities in exchange for the option to return to his former position as a pilot if he did not find management to his liking. The Plaintiff contends that Flagship breached this oral agreement by terminating him for alleged sexual harassment, and that one of his co-workers slandered him. These claims pertain solely to an alleged oral employment contract. The Court finds that adjudicating this action will not involve interpreting the collective bargaining agreement in any way.

In *Eierman v. Consolidated Rail Corporation,* 637 F.Supp. 225 (E.D.Pa.1984), the plaintiff alleged that a Conrail employee deliberately attempted to cause the Plaintiff to be fired, subjected him to baseless disciplin-

ary proceedings, and harassed his family. The plaintiff charged Conrail with permitting this conduct. In remanding the case, the district court found that the complaint asserted "a claim that could be resolved, at least in large part, without reference to the collective bargaining agreement." *Id.* at 226. The court concluded that the gravamen of the plaintiff's complaint involved the outrageous conduct allegedly conducted by the plaintiff's co-worker and not the plaintiff's rights under the collective bargaining agreement. *Id.* at 226.

Ironically, any question this Court may have had as to whether adjudicating this action would involve interpreting the Agreement was removed by Flagship itself when it argued that the Agreement does not even apply to Cawthard. In a letter dated November 20, 1992, Ed Criner, the Vice President of Flight Operations for Flagship, informed Cawthard that "[a]s a management employee, you are not entitled to the grievance procedures as provided in the current work agreement." (Pl.Res. to Def.Mot. to Dismiss, Ex. "A"). Flagship reiterated this position in its Motion to Dismiss stating "Plaintiff can not claim rights under a collective bargaining agreement that does not apply to him." (Def.Mot. to Dis., at p. 13).

What Flagship is attempting to do is unilaterally raise the Court's interpretation of the Agreement as an issue in order to obtain federal jurisdiction, then turn around and argue that the Agreement is inapplicable to the Plaintiff. A federal question raised solely as a defense is not an adequate ground for removal. *See Clarke v. United Parcel Serv., Inc.,* 778 F.Supp. 1209 (S.D.Fla.1991) (when plaintiff sued only on state law claim, defendant could not remove on basis of preemption defense); *Bahr v. National Ass'n of Sec. Dealers, Inc.,* 763 F.Supp. 584 (S.D.Fla. 1991).

Flagship concedes that under the "well-pleaded complaint rule," a court must confine its consideration to the allegations in the complaint in determining whether issues of federal law have been raised. *Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193, 1195–96 (11th Cir.1991). However, Flagship argues that under the "complete pre-emp-

tion" doctrine, federal pre-emption is a basis for removal when raised as a defense, when Congress "so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Brown* at 1196, citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987).

 The purpose of this exception, allowing a defense of federal pre-emption to serve as a basis for removal, is to prohibit a plaintiff from defeating removal by failing to plead necessary federal questions in a complaint. *Deford v. Soo L.R. Co.*, 867 F.2d 1080, 1084 (8th Cir.), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989).

Flagship argues that the complete pre-emption doctrine has been applied in the context of the RLA, therefore it confers jurisdiction upon all the remaining state law claims in the Complaint. *See Deford* at 1085; *Andrews*, 406 U.S. at 321, 92 S.Ct. at 1564 (1972); and *Fisher v. Hertrich*, 680 F.Supp. 1250, 1252 (N.D.Ill.1988).

The Court finds that the cases cited by Flagship are not controlling because in each of the cited cases, the court was required to interpret a collective bargaining agreement. The court in *Deford*, held that the "RLA's pre-emptive force is so extraordinary that it takes over the whole field of railroad labor disputes *arising from* collective bargaining agreements." (emphasis added). *Deford* at 1085. The Plaintiff in *Fisher* was a pilot who asserted state law claims arising from his termination on grounds covered specifically by a collective bargaining agreement, thus the court found that resolving the Plaintiff's state law claims was impossible without referring to the agreement. *See Fisher* at 1251. The Plaintiff in *Andrews* alleged that his discharge, following his recovery from a work-related accident, breached the collective bargaining agreement with his employer. *See Andrews*, 406 U.S. at 320–21, 92 S.Ct. at 1563–1564.

In contrast, the facts at bar do not involve issues requiring interpretation of the Agreement. Any reference this Court would have to make to the Agreement to adjudicate this action is speculative at best. Moreover, for the reasons discussed above, the only party in this action raising the Agreement as an issue is Flagship, and then only for the purpose of invoking this Court's jurisdiction. Once jurisdiction is conferred, Flagship seeks to assert that the Agreement has no bearing on the Plaintiff's employment status because he is a manager.

THE COURT has considered the Motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

(1) The Defendant's Motion to Dismiss is hereby GRANTED IN PART. Count IV is hereby DISMISSED for lack of subject matter jurisdiction. However, the Court finds it lacks jurisdiction to consider the Defendant's Motion to Dismiss counts I, II and III;

(2) The Plaintiff's Motion for Remand is GRANTED. This case is hereby REMANDED to the Circuit Court for the Eleventh Judicial District for all remaining issues in this action, including the Defendant's Motion to Dismiss counts I, II and III.

DONE AND ORDERED.