**Dorothy WESTBROOK,**
**Plaintiff–Appellant,**

v.

**SKY CHEFS, INC., Defendant–Appellee.**

No. 93–3952.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1994.

Decided Sept. 14, 1994.

Barbara M. DeCoster, Barbara J. Clinite (argued), Chicago, IL, for plaintiff-appellant.

Brett G. Rawitz, Colette M. Foissotte, Katten, Muchin & Zavis, Michael W. Duffee, Matkov, Salzman, Madoff & Gunn, Chicago, IL, Walter V. Siebert (argued), Sherman & Howard, Denver, CO, for defendant-appellee.

Before ENGEL,* BAUER and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Dorothy Westbrook was employed as a cake-cutter by Sky Chefs, which provided food services to airlines. Westbrook developed carpal tunnel syndrome, was unable to work, and filed a worker's compensation claim. Sky Chefs placed her on sick leave. The collective bargaining agreement under which Westbrook was employed allowed up to two years of sick leave. Westbrook had surgery and attempted to return to work within the two year period. Sky Chefs refused to allow her to come back to work because she had high blood pressure. Westbrook claims that she had high blood pressure before she was placed on sick leave, and that the reason given for her termination was a pretext. She argues that in reality Sky Chefs fired her in retaliation for submitting a worker's compensation claim.

Westbrook filed a retaliatory discharge action in Illinois state court against Sky Chefs under the provisions of the Illinois Workers' Compensation Act, 820 ILCS 305/4(h) (S.H.A.1993) ("It shall be unlawful for any employer ... to discharge ... an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.") The case was removed by Sky Chefs to federal court on the basis of diversity of citizenship. Both Sky Chefs and Westbrook filed motions for summary judgment.

In its analysis of the cross motions for summary judgment, the district court first determined, correctly, that Westbrook is covered by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* The RLA governs relations between employers that are rail or air carriers or that engaged in other related activities and their union employees. Related compa-

nies include any which are directly or indirectly controlled by the carrier. 45 U.S.C. § 151. In 1988 the National Mediation Board, after a hearing on the issue, issued an advisory opinion which stated that Sky Chefs was subject to a "substantial ... degree of control" by the airlines for which it worked, and that its employees were therefore subject to the jurisdiction of the RLA. *Sky Chefs, Inc.,* 15 NMB 397 (1988).

Having found that she is under the jurisdiction of the RLA, the district court determined that Westbrook's state law claims were preempted by the RLA. The district court therefore granted Sky Chefs' motion for summary judgment and denied Westbrook's motion.

Various arguments are submitted on appeal by Westbrook, supporting her claim that her retaliatory discharge under the Illinois Workers' Compensation Act is not preempted by the Railway Labor Act. The preemption issue raises interesting questions for analysis, but following oral argument in this case, the Supreme Court issued an opinion which unequivocally resolved the matter before us. *See, Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994).

■ As a general rule, disputes regarding differing interpretations of provisions of an existing Collective Bargaining Agreement "must be resolved only through the RLA mechanisms." *Hawaiian Airlines,* —— U.S. at ——, 114 S.Ct. at 2244. In such cases the RLA's provisions "pre-empt ... state law actions." *Id.* But the RLA "does not pre-empt causes of action which are independent of the CBA [Collective Bargaining Agreement.]" *Id.* at ——, 114 S.Ct. at 2246.

This language overrules our opinion in *Underwood v. Venango River Corp.,* 995 F.2d 677 (7th Cir.1993), which the district court relied on in this case. In *Underwood,* as in this case, we examined the issue of whether a claim was preempted by the RLA. In resolving *Underwood,* we examined the Supreme Court cases *Lingle v. Norge Div. of*

---

* The Honorable Albert J. Engel, United States Court of Appeals for the Sixth Circuit, is sitting by designation.

*Magic Chef Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

In *Andrews* the Court decided that the administrative remedy provided by the RLA preempted a state law claim of unfair discharge. The Court determined that the employee's right not to be "wrongful[ly] discharged" arose from the CBA, so the RLA preempted the state law claim. *Id.* at 324, 92 S.Ct. at 1565. But in *Lingle,* which interprets the National Labor Relations Act, 29 U.S.C. § 151 *et seq.,* the Court determined that the state law remedy of retaliatory discharge did *not* arise from the CBA, so it was not preempted. In *Underwood,* we reconciled these two cases by distinguishing between the scope of preemption under the RLA and the NLRA. We concluded that "preemption under the [NLRA] is broader." 995 F.2d at 682.

In *Hawaiian Airlines* the Supreme Court reconciled the two cases differently. The Court emphasized that in *Andrews* the state law claim was preempted "*not* because the RLA broadly pre-empts state law claims based on discharge or discipline." *Hawaiian Airlines,* — U.S. at ——, 114 S.Ct. at 2246. Rather, under the particular facts in *Andrews,* the plaintiff asserted no right independent of the CBA. Therefore, the "*only source* of [plaintiff's] right not to be discharged, and therefore to treat an alleged discharge as a 'wrongful' one is the [CBA]...." *Id.*

 In *Hawaiian Airlines,* as in this case, "the CBA is not the 'only source' of [plaintiff's] right not to be discharged wrongfully." Also, in *Hawaiian Airlines,* as in this case, "in fact the 'only source' of the right respondent asserts in this action is state ... law." *Id.* In both this case and *Hawaiian Airlines,* the plaintiff alleged violation of state law independent of the CBA, and "[t]he [defendant's] obligation under the RLA to arbitrate disputes arising out of the application or interpretation of the CBA did not relieve [them] of this duty." *Id.* The Court states the pre-emption standard thus emerges in this way: "a state-law cause of action is not pre-empted by the RLA if it involves rights

and obligations that exist independent of the collective bargaining agreement...." *Id.* at ——, 114 S.Ct. at 2247.

The Court also cautions that "the existence of a potential CBA-based remedy [does] not deprive an employee of independent remedies available under state law." *Id.* at ——, 114 S.Ct. at 2248. This is the case even where both the claim under the CBA and the state law claim will "involve attention to the same factual considerations." *Id.* For this language, the Court cites to *Lingle,* explicitly extending the analysis of that case to RLA cases, a step we had declined to take in *Underwood.*

Following the new rule set forth in *Hawaiian Airlines,* we must conclude that Westbrook's state-law claim of retaliatory discharge is *not* preempted by the RLA. Therefore, we VACATE the district court's grant of summary judgment, and REMAND to the district court for further proceedings.